SAVOY, Judge.
This matter is before this Court on an appeal taken by the particular legatee and the testatmentary executor from a judgment of the' district court declaring the last will and testament of Julia Theriot, which had been duly probated and the testamentary executor qualified as such, to be null and void because of the inability of the testatrix to read at the time of the making of said will. The last will and testament of the decedent was written in the French language by an attorney at law and was notarized by the Qerk of Court for Cameron Parish, Louisiana, in the presence of witnesses. Counsel for the legatee and the testamentary executor concedes that Miss Julia Theriot could not read French, but takes the position that she could read the English language, and that the trial court erred in not maintaining the validity of the will.
The instant will was prepared in accordance with the provisions of LSA-R.S. 9:2442 et seq. The above provisions of law allow a testator or testatrix an additional method of making a will in this State.
The suit to annul the will is based on LSA-R.S. 9:2443, which provides:
“Those who know not how or are not able to read, cannot make dispositions in the form of the will provided for in R.S. 9:2442.”
After a trial in the district court and after reviewing the testimony of all the witnesses in the case, the district judge concluded that the testatrix could not read either the English or French language; and nullified said will because of her in *28 ability to comply with the provisions of LSA-R.S. 9:2442.
LSA-C.C.P. Article 2932 reads as follows:
The plaintiff in an action to annul a probate testament has the burden of proving the invalidity thereof, unless the action was instituted within three months of the date the testament was probated. In the latter event, the defendants have the burden of proving the authenticity of the testament, and its compliance with all of the formal requirements of the law.”
The present suit was instituted in the district court within three months of the probate thereof, and the burden of proof was upon appellants to show a compliance with the law on the subject.
After a review of the record, this Court is of the opinion that the district judge correctly held that appellants had not proven their case by a preponderance of the evidence.
Counsel for appellants contends that the trial judge did not properly apply the law to the instant case.
In the opinion of this Court, the provisions of LSA-R.S. 9:2442 et seq. are not ambiguous and only a question of fact was before the lower court, namely, whether the testatrix could or could not read at the time of the execution of the will in the instant case. The trial judge, in an excellent written opinion, held, as a matter of fact, that the testatrix was unable to read any language at the time of the confection of the will and thereby declared it null and void.
Other issues were raised in briefs filed by counsel for appellees and appellants. However, since we have determined the trial judge correctly held that the testatrix, Julia Theriot, could not read when the will was confected, the other issues will not be discussed herein.
For the written reasons assigned, the judgment of the trial court is affirmed at appellants’ cost.
Affirmed.